IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 95-10611 & 95-10634
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

ARMANDO GABRIEL BARRAZA,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 89-CR-00026 & 90-CR-00039
- - - - - - - - - -
June 24, 1996
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Armando Gabriel Barraza appeals his sentences from his

convictions for unlawful use of a communication facility in

committing, causing, and facilitating a controlled-substance

felony and escape from federal custody, in violation of 18 U.S.C.

§ 751(a) and 21 U.S.C. § 843.

     Barraza's arguments that the district court erred in

sentencing him by considering prejudicial information in the

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Presentence Report and by sentencing him to the maximum of the applicable sentencing range for both offenses are without merit. See United States v. Buenrostro, 868 F.2d 135, 139 (5th Cir. 1989), cert. denied, 495 U.S. 923 (1990).

Barraza argues that the district court lacked authority to order him deported under 18 U.S.C. § 3583(d).

In relevant part, § 3583(d) provides that "if an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration officer for such deportation." § 3583(d).  Although the district court could have provided that deportation be a condition of supervised release, the district court lacked authority under § 3583(d) to order Barraza deported without a deportation hearing.  See United States v. Quaye, 57 F.3d 447, 449-51 (5th Cir. 1995).

A 1994 amendment to 8 U.S.C. § 1252a(d), which authorizes district courts to order aliens deported under certain circumstances, is inapplicable to either of Barraza's convictions.

Accordingly, we MODIFY the judgments as follows and AFFIRM as modified:

> As a condition of supervised release, upon completion of his term of imprisonment the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and

Naturalization Act, 8 U.S.C. §§ 1101 et seq.  As a further condition of supervised release, if ordered deported, defendant shall remain outside the United States.

MODIFIED AND AFFIRMED.